UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:08CV-31-R

JEFFREY D. BAUMGARDT                                                                                    PLAINTIFF

v.

MARK A. WOODS;
CORSICANA BEDDING, INC.;
JAMES M. CRISS;
BUCCANEER ENTERPRISES, INC.; and
SENTRY SELECT INSURANCE COMPANY                                              DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the Court on the Plaintiff's Motion to Remand to Livingston Circuit Court (Docket #14). The Defendants Mark A. Woods and Corsicana Bedding, Inc., responded (Docket #16), and the Plaintiff replied (Docket #19). The Defendants James M. Criss and Buccaneer Enterprises, Inc. joined in the response of Woods and Corsicana Bedding, Inc. (Docket #18) and also filed a separate response (Docket #20). This matter is now ripe for adjudication. For the following reasons, the Plaintiff's Motion to Remand is **DENIED.**

## PROCEDURAL HISTORY

The Plaintiff, Jeffrey Baumgardt, claims that on January 17, 2006, he was involved in a motor vehicle collision near the I-24 bridge in Livingston County, Kentucky, with Defendant Woods, operating a semi-trailer for the Defendant Corsicana Bedding, and Defendant Criss, operating a semi-trailer for the Defendant Buccaneer Enterprises. Defendant Sentry Select Insurance Company issued a policy of insurance to Kness Trucking of Chadwick, Illinois, under which the Plaintiff alleges he is entitled to recover.

On January 11, 2008, the Plaintiff filed a complaint against the Defendants in Livingston Circuit Court, seeking damages for personal injuries based in negligence and also for recovery of

insurance benefits "under policies providing for no-fault, uninsured and/or underinsured coverages." On February 25, 2008, Defendants Woods and Corsicana Bedding removed the case to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. §1332. The Defendants Criss and Buccaneer Enterprises filed accompanying consents to removal. On March 26, 2008, the Plaintiff filed this Motion to Remand the case back to Livingston Circuit Court, claiming that the Defendants' removal was defective because the removal notice did not show, allege, or demonstrate the requisite jurisdictional amount in controversy of more than $75,000.00.

## STANDARD

Generally, a civil case brought in a state court may be removed by a defendant to federal court if it could have been brought there originally. 28 U.S.C. § 1441(a). A federal district court has original 'diversity' jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of costs and interest. 28 U.S.C. § 1332(a). A defendant removing a case bears the burden of proving the diversity jurisdiction requirements. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, (1921); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). Federal jurisdiction in a diversity case is determined at the time of removal. *Rogers*, 230 F.3d at 871. Generally, ambiguities on removal are strictly construed against federal jurisdiction when doubt exists as to jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Fenger v. Idexx Laboratories, Inc.*, 194 F. Supp.2d 601, 602 (E.D. Ky. 2002); *see also Her Majesty The Queen In Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989).

## DISCUSSION

In this matter, the Plaintiff's complaint does not include a specific amount of damages. Kentucky state law prohibits any plaintiff from specifically making a numerical demand in excess of the state's jurisdictional amount. Ky. CR Rule 8.01 (2008). Therefore, the complaint here states only that the Plaintiff seeks damages in excess of $4,000.00, the minimum jurisdictional amount. In cases such as this one, where Plaintiff only alleges "an unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement," the Sixth Circuit has said that the burden remains with Defendant to show that it is "more likely than not" that the claims meet the federal amount in controversy requirement. *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. Ky. 2001) (citing *Gafford v. General Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993)). Thus, the burden is on the Defendant to "show by a preponderance of the evidence that the amount in controversy requirement has been met. This standard does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement. Such a burden might well require the defendant to research, state and prove the plaintiff's claim for damages." *Id.* (citations and internal quotation marks omitted).

In the Notice of Removal, the Defendants stated that removal to this Court was proper by reason of diversity of citizenship of the parties, but failed to state that the amount in controversy exceeds $75,000.00 or provide any evidence to show that the Plaintiff's claim. It is argued that the Defendants removed the case to this Court based on a speculation that the amount in controversy would exceed $ 75,000 in order to satisfy the requirements of 28 U.S.C. § 1332. In his Motion to Remand, the Plaintiff argues that this omission renders the Notice of Removal materially defective and that the Defendants did not meet their burden of establishing diversity

jurisdiction in the removal notice because they did not allege or show in any way that the amount in controversy is more than $75,000.00.

The Defendants have met the burden of showing that it is more likely than not that the Plaintiff's claim exceeds $75,000.00. In the complaint, the Plaintiff seeks damages for past and future medical expenses, lost wages and destruction of earning capacity, past and future pain and suffering, inconvenience, and permanent injury. He also seeks to recover under an insurance policy issued to Kness Trucking, Inc. providing no-fault, uninsured and/or underinsured motorist coverages. Given the nature of these multiple claims, the Defendants have made the case that the claims are more likely than not to reach the federal amount in controversy requirement.

The Defendants point out that as of July 17, 2007, the Plaintiff had incurred at least $59,890.73 in medical expenses claimed related to the incident that is the subject of his Complaint, as well as $4,457.12 in lost wages, for a total of $64,437.85 (citing *Correspondence from CCMSI to Lincoln General*, attached as Exhibit 2 to the response to the Motion to Remand). The Defendants also assert that based on their belief that the Plaintiff suffered extensive physical injuries, it is reasonable for them to believe that the that the Plaintiff will seek more than $10,000.00 for pain and suffering

In reply, the Plaintiff does not dispute that at least $64,437.85 may be in controversy, nor does he address the pain and suffering issue. He has also not agreed to stipulate to a claim less than the jurisdictional amount. Instead, his arguments focus solely on the Defendants' alleged defective removal. The Plaintiff argues that the Defendants simply did not meet their burden of establishing diversity jurisdiction in the removal notice because they did not allege or show in any way that the amount in controversy is more than $75,000.00.

The Court has reviewed the Notice of Removal and it is true that it does not allege that the amount in controversy requirement is satisfied. The Plaintiff claims at least $64,000 in special damages, past medical expenses, and lost wages. In addition to the medical expenses and lost wages as of July 17, 2007 (nearly one year ago), the Plaintiff has a no-fault claim and a claim for either uninsured or underinsured motorist coverage. The Plaintiff also seeks to recover damages for past and future pain and suffering, inconvenience, and permanent injury. Further, the Plaintiff has made no outward move to limit himself to damages below the statutory minimum. Adding the damages Plaintiff will likely seek for these claims to the already identified $64,437.85 clearly will more likely than not push the Plaintiff's claims over the $75,000.00 threshold. The Court concludes that a preponderance of evidence establishes that the complaint seeks an amount in excess of $75,000.00.

## CONCLUSION

For the foregoing reasons, the Plaintiff's Motion to Remand is **DENIED**.

An appropriate order shall issue.