UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:08-CV-31-R

JEFFERY D. BAUMGARDT                                                    PLAINTIFF

and

MID-WEST TRUCKERS RISK                                           INTERVENING
MANAGEMENT ASSOCIATION                                          PLAINTIFF

v.

MARK A. WOODS, et al.                                                   DEFENDANTS

**OPINION AND ORDER**

This matter is before the Court upon Plaintiff's Motion to Exclude the Testimony of

Henry Spiller and to Exclude All Methamphetamine Use Evidence (Docket #49).  Defendants

have responded (Docket #68).  Plaintiff has replied (Docket #98).  This matter is now ripe for

adjudication.  For the following reasons, Plaintiff's motion is DENIED.

**BACKGROUND**

On January 17, 2006, Plaintiff Jeffery Baumgardt was involved in a motor vehicle

collision near the I-24 bridge in Livingston County, Kentucky.  As Plaintiff approached the

bridge in his truck, he observed Defendant Mark A. Woods's semi-truck swerve on the icy road,

jackknife, and come to a stop blocking both lanes of traffic.  Plaintiff brought his own vehicle to

a stop, exited the vehicle, and went to check on the driver of the semi-truck.  However, before he

reached the driver, Plaintiff observed another semi-truck, driven by Defendant James M. Criss,

suddenly approaching.  To avoid the oncoming semi-truck, Plaintiff jumped onto the bridge

railing and fell over.

At the hospital, Plaintiff informed the emergency personnel that he had taken "speed"

earlier that evening.  A urine sample was taken and revealed that Plaintiff had 2,761 ng/ml of amphetamine and 14,377 ng/ml of methamphetamine in his urine.  Plaintiff now moves to exclude the testimony of Henry Spiller, a toxicologist, and all other evidence of Plaintiff's methamphetamine use.

## DISCUSSION

### I.    Expert Testimony

Henry Spiller ("Spiller") is a toxicologist and the Director of Kentucky Regional Poison Center.  Defendants have retained Spiller as an expert witness to testify as to the merit of Plaintiff's sworn testimony that he did not use methamphetamine on the night of the accident and the effects of methamphetamine use.  In forming his opinions, Spiller relied on a toxicology report showing that Plaintiff's urine contained methamphetamine on the night of the accident. The toxicology report, performed by Quest Laboratory, contains the following disclaimer: "Specimen was received without chain of custody and may not have been handled as a legal specimen.  Results should be used for medical purposes only and not for any legal or employment evaluative purposes."  Plaintiff moves to exclude the toxicology report under Federal Rules of Evidence 702 and 703, arguing that the report is unreliable because it (1) was obtained without the requisite chain of custody, (2) lacks assurance that the specimen was handled properly, and (3) contains data that should not be used for legal or evaluative purposes.

Rule 702 states that a witness qualified as an expert may testify in the form of an opinion or otherwise if "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case."  Fed. R. Evid. 702.  Rule 703 outlines the sources of

evidence upon which an expert can base his opinions.  Fed. R. Evid. 703.  In order for an expert

opinion to be admissible, the facts or data upon which the opinion is based need not be

admissible in evidence so long as they are "of a type reasonably relied upon by experts in the

particular field."  *Id.*  Thus, "Rule 703 permits experts to testify without personal knowledge of

the underlying facts or data and permits them to testify on the basis of hearsay or unadmitted

evidence, as long as the evidence is of a kind 'reasonably relied upon by experts in the particular

field.'"  *United States v. Bonds*, 12 F.3d 540, 566 (6th Cir. 1993) (citing *Coal Resources Inc. v.*

*Gulf & W. Indus., Inc.*, 954 F.2d 1263, 1272 (6th Cir. 1992)).

Plaintiff does not argue that Spiller's reasoning or methodology is faulty; rather, Plaintiff

argues that the evidentiary foundation upon which Spiller bases his opinions is unreliable.

Under Rule 702, expert testimony must be based on "sufficient facts and data."  The only

evidence suggesting that the report may be unreliable is the disclaimer on the report itself.  There

is no evidence in the record that the test was spoiled or that the results are inaccurate.

Furthermore, Plaintiff does not argue that the report is otherwise inadmissible, nor does he

questions its authenticity.

Even if the toxicology report were inadmissible, Spiller could nonetheless rely on it in

forming his opinions so long as it is "of a type reasonably relied upon by experts in the particular

field."  *See* Fed. R. Evid. 703.  In his deposition, Spiller testified that toxicology reports are

routinely used by medical personnel to treat patients and that the disclaimer on the report did not

suggest any deficiency in the accuracy of the results.  (Spiller Dep. 26:17-28:15, 33:10-17, May

13, 2009.)  Based on this testimony, the Court can find no reason to exclude Spiller's use of the

report in forming his expert opinions.  Any concerns that the report is unreliable go to the weight

of the expert's testimony, not the admissibility of his testimony.

## II.      Rule 403 Balancing

Plaintiff moves to exclude Spiller's testimony and all other evidence of

methamphetamine use as more prejudicial than probative under Federal Rule of Evidence 403.

Plaintiff argues that the evidence is more prejudicial than probative because it is irrelevant to a

determination of his credibility and the reasonableness of his actions on the night of the accident.

Defendants respond that the evidence is directly relevant to the reasonableness of Plaintiff's

actions.

"District courts are given broad discretion in making a Rule 403 determination." *Bonds*,

12 F.3d at 567.  Under Rule 403, "evidence may be excluded if its probative value is

substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403.  "Unfair

prejudice does not mean the damage to a [party]'s case that results from the legitimate probative

force of the evidence; rather it refers to evidence which tends to suggest [a] decision on an

improper basis." *United States v. Newsom*, 452 F.3d 593, 603 (6th Cir. 2006) (quoting *Bonds*, 12

F.3d at 567).

Plaintiff argues that the evidence is not probative to the issue of his credibility because,

as Spiller testified in his deposition, methamphetamine use makes a person hypervigilant and

more alert.  (Spiller Dep. 45:19-46:17.)  Therefore, Plaintiff argues that Defendants cannot use

the evidence to attack his perception or memory.  Defendants do not address Plaintiff's

credibility argument in their brief and it is unclear whether they would offer the evidence for the

purpose of impeaching Plaintiff's credibility.  The issue of whether Plaintiff took

methamphetamine on the night of the accident or three days before does not go to Plaintiff's

credibility, but rather to his potentially prior inconsistent statements.  In light of this ruling, the

timing of Plaintiff's methamphetamine use is relevant.

Plaintiff also argues that the evidence is irrelevant to the ultimate issue of the

reasonableness of his decision to jump off the bridge because "it does not prove or disprove the

objective reasonableness" of his decision.  Defendants respond that the evidence is directly

relevant because it goes to his mental and physical state at the time he made the decision.  In

support of this argument, Defendants cite to Spiller's testimony that methamphetamine use

would cause Plaintiff to be more hyper-responsive and agitated and thereby influence his

decision to jump off the bridge.  (Spiller Dep. 48:3-16.)

"Evidence that a [person] uses drugs is highly prejudicial."  *See United States v.*

*Czuprynski*, 65 F.3d 169, 1995 WL 518873, at \*2 (6th Cir. Aug. 31, 1995) (quoting *United*

*States v. Vizcarra-Martinez*, 57 F.3d 1506, 1516 (9th Cir. 1995)).  Nonetheless, a jury could

reasonably infer that Plaintiff's drug use impaired his ability to act reasonably in reaction to the

oncoming semi-truck.  *Cf. Berryman v. Com.*, 237 S.W.3d 175, 179 (Ky. 2007) ("[a] reasonable

inference could be drawn that Berryman was impaired, at least somewhat, by the Xanax in his

system").  Because Plaintiff's methamphetamine use goes directly to the issue of his own

negligence or comparative fault, the Court finds that the evidence should not be excluded.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion to Exclude

the Testimony of Henry Spiller and to Exclude All Methamphetamine Use Evidence is DENIED.