UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:08-CV-31-R

JEFFERY D. BAUMGARDT                                                                  PLAINTIFF

and

MID-WEST TRUCKERS RISK                                                    INTERVENING
MANAGEMENT ASSOCIATION                                                       PLAINTIFF

v.

MARK A. WOODS, et al.                                                              DEFENDANTS

## OPINION AND ORDER

This matter is before the Court upon Defendants Buccaneer Enterprises, Inc. and James Criss's Motion in Limine to Exclude Daylight Photographs of Accident Scene and to Exclude Damages Claims for Future Medical Expenses, Destruction of Earning Capacity, and Past and Future Pain and Suffering (Docket #70).  Plaintiff has responded (Docket #95, 97).  Defendants have replied (Docket #104,105).  This matter is now ripe for adjudication.  For the reasons that follow, Defendants' motion is DENIED in part.

## BACKGROUND

On January 17, 2006, Plaintiff Jeffery Baumgardt was involved in a motor vehicle collision near the I-24 bridge in Livingston County, Kentucky.  As Plaintiff approached the bridge in his truck, he observed Defendant Mark A. Woods's semi-truck swerve on the icy road, jackknife, and come to a stop blocking both lanes of traffic.  Plaintiff brought his own vehicle to a stop, exited the vehicle, and went to check on the driver of the semi-truck.  However, before he reached the driver, Plaintiff observed another semi-truck, driven by Defendant James M. Criss, suddenly approaching.  To avoid the oncoming semi-truck, Plaintiff jumped onto the bridge

railing and fell over.

Defendants Buccaneer Enterprises, Inc. and James M. Criss move to exclude daytime photographs of the bridge taken by Plaintiff's accident reconstruction expert, Ken Agent, and to exclude Plaintiff's damages claims for future medical expenses, destruction of earning capacity, and past and future pain and suffering.

## DISCUSSION

### I. Photographs

Defendants move to exclude Plaintiff's photographs of the bridge as irrelevant under Federal Rule of Evidence 402 and misleading to the jury under Federal Rule of Evidence 403. Defendants argue that the photographs are irrelevant because they were taken under lighting and weather conditions inapposite to the lighting and weather conditions on the night of the accident. Defendants argue that the photographs are misleading because they do not accurately depict Defendant Criss's viewpoint as he came upon Defendant Woods's semi-truck.

The bridge where the accident occurred is arched such that a driver's elevation increases as he drives up the bridge and decreases as he drives down the opposite side. One of the factual questions at issue is when, and to what extent, Criss could have seen the jacknifed semi-truck ahead of him and breaked accordingly. The accident occurred around 8:00 p.m. during the month of January. The road conditions were icy. It was dark and the bridge was unlit by any artificial light source

The photographs taken by Plaintiff's expert depict the bridge in the daylight during the spring/summer months. Plaintiff intends to use them for several purposes. First, Plaintiff argues that the photographs demonstrate Criss's line of sight as he approached Woods's semi-truck.

Second, Plaintiff argues that the photographs demonstrate the location of Woods's truck and the other cars stopped on the bridge. Finally, Plaintiff argues that the photographs demonstrate the various distances among the trucks and visualize for the jury the physical features of the bridge, including the thin traction grooves that run along the bridge.

Federal Rule of Evidence 402 provides that "[e]vidence which is not relevant is not admissible." Under Rule 403, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

The photographs trouble the Court for a number of reasons. First, the photographs do not depict Woods's vehicle or the line of stopped vehicles Criss would have observed as he approached the scene. Second, the photographs were taken during the daylight hours under weather conditions significantly different than those under which Criss approached the scene. The Court believes that oral argument is needed on this issue. If the parties do not resolve this case, then they should immediately contact the Court and a date for oral argument shall be established.

**II.     Future Medical Expenses, Destruction of Earning Capacity, and Pain and Suffering**

Next, Defendants move to exclude Plaintiff's claims for future medical expenses, destruction of earning capacity, and past and future pain and suffering (hereinafter "damages") on the basis that Plaintiff failed to comply with the disclosure requirements of Federal Rule of Civil Procedure 26.

Federal Rule of Civil Procedure 26(a)(1)(A) provides that "a party must, without

awaiting a discovery request, provide the other parties: . . (iii) a computation of each category of damages claimed by the disclosing party." Rule 26(e)(1)(A) requires a disclosing party to supplement his prior disclosures "in a timely manner" when the prior response is "incomplete or incorrect."

In compliance with the Court's Scheduling Order, Plaintiff filed his Rule 26 initial disclosure statement on June 25, 2008. With respect to damages, Plaintiff's initial disclosures stated, "Please refer to plaintiff's answers to Woods and Corsicana's interrogatories to be served on or before July 3, 2008." In his answers to the interrogatories, Plaintiff stated that he would rely on the testimony of his treating physicians, which had yet to be taken, to determine the amount of his damages. The depositions of Plaintiff's treating physicians were taken in March, April, and May of 2009. On June 30, 2009, Plaintiff filed a supplemental disclosure providing a computation of each category of damages.

Defendants argue that Plaintiff's claims for damages should be excluded because he failed to make an appropriate initial disclosure under Rule 26(a)(1)(A)(iii). Defendants argue that Plaintiff failed to comply with the rule because he did not provide a specified dollar amount for each category of damages at the time he filed his initial disclosure statement. Defendants also argue that Plaintiff's supplemental disclosure, filed over a year later, was untimely and that they were prejudiced by the untimely filing because they did not receive a specified dollar amount of Plaintiff's alleged damages until forty-five (45) days before trial.

Plaintiff's complaint alleged damages for future medical expenses, destruction of earning capacity, and past and future pain and suffering. Plaintiff and Defendants were in negotiations throughout the pretrial proceedings and Defendants deposed Plaintiff's treating physicians

4

regarding the damages issue.  Plaintiff's supplemental disclosure, while late in the pretrial process, was not so untimely as to prejudice Defendants.  For these reasons, the Court finds that Plaintiff compliance with Rule 26 was sufficient.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' Motion in Limine to Exclude Daylight Photographs of Accident Scene and to Exclude Damages Claims for Future Medical Expenses, Destruction of Earning Capacity, and Past and Future Pain and Suffering is DENIED in part.